1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DOMINGO RAMIREZ,                          CASE NO. CV-F-04-6418 OWW DLB P

12                  Plaintiff,          _____ FINDINGS AND RECOMMENDATIONS
                                               RE PLAINTIFF'S MOTION FOR
13        vs.                                  PRELIMINARY INJUNCTIVE RELIEF

14   SCRIBNER, et al.,                         [Doc. 104]

15                  Defendants.
     _____/

16

17        Plaintiff is a state prisoner proceeding pro se  in a civil rights action pursuant to 42 U.S.C. §

18   1983.  This action is proceeding against defendants Warren, Mason, Gutierrez, Rivera and Scribner on

19   plaintiff's original complaint, filed October 18, 2004.  On December 4, 2006, plaintiff filed a motion for

20   preliminary injunction/temporary restraining order requesting an order directing the return of his legal

21   property.

22        The legal principles applicable to a request for preliminary injunctive relief are well established.

23   To prevail, the moving party must show either "(1) a likelihood of success on the merits and the

24   possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the

25   balance of hardships tipping in [the moving party's] favor."  Oakland Tribune, Inc. v. Chronicle

26   Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v.

27   Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see also Hartikka v. United States, 754

28   F.2d 1516, 1518 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the

                                                 1

1 focal point being the degree of irreparable injury shown. <u>Oakland Tribune</u>, 762 F.2d at 1376. "Under

2 either formulation of the test, plaintiff must demonstrate that there exists a significant threat of

3 irreparable injury." <u>Id</u>. In the absence of a significant showing of irreparability, the court need not reach

4 the issue of likelihood of success on the merits. <u>Id</u>.

5      In his motion, plaintiff states that he is in the process of preparing an opposition to defendants'

6 motion for summary judgment and he is being denied access to his legal property which is located with

7 his administrative segregation property. Plaintiff requests that the court order defendants to give him

8 access to his legal property. The instant action involves allegations of the use of excessive force, in

9 violation of the Eighth Amendment. Thus, plaintiff's complaint does not contain a cause of action for

10 similar permanent injunctive relief and does not contain claims relating to the same or similar issues.

11 Because the federal court is a court of limited jurisdiction, as a threshold matter, the court must have

12 before it a case or controversy. <u>Flast v. Cohen</u>, 392 U.S. 83, 88 (1968). Absent such a case or

13 controversy, the court has no power to hear the matter. <u>Rivera v. Freeman</u>, 469 F.2d 1159, 1162-1163

14 (9th Cir. 1972). Since the complaint in this case does not contain allegations raising issues similar to

15 those presented in the instant motion, there is no controversy present with respect to such issues and, as

16 a result, the court cannot address either the likelihood of success on the merits or whether there are

17 serious questions going to the merits of plaintiff's claims.

18      Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that plaintiff's request

19 for an order directing access to his property, filed December 4, 2006, be DENIED. The Court will,

20 however, by separate order, grant plaintiff's request for an additional extension of time in which to file

21 his opposition to defendants' motion for summary judgment.

22      These Findings and Recommendations will be submitted to the United States District Judge

23 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty (20) days

24 after being served with these Findings and Recommendations, plaintiff may file written objections with

25 the court. The document should be captioned "Objections to Magistrate Judge's Findings and

26 Recommendations." Plaintiff is advised that failure to file objections within the specified time may

27 waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

28

1
2
3
4
5
6

IT IS SO ORDERED.

7      **Dated:    December 8, 2006**              _____/s/ **Dennis L. Beck**_____
3c0hj8                                           UNITED STATES MAGISTRATE JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28