# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINGO RAMIREZ, | CASE NO.: 1:04-CV-6418 OWW DLB P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT |
| v. | (Doc. 82) |
| A.K. SCRIBNER, et.al., | |
| Defendants. | |

Plaintiff, Domingo Ramirez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed October 18, 2004 against defendants Scribner, Warren, Mason, Gutierrez and Rivera for use of excessive force, in violation of the Eighth Amendment. Pursuant to the scheduling order issued June 29, 2005, the deadline to amend the pleadings was March 24, 2006. (Doc. 31). On June 6, 2006, plaintiff filed a motion for leave to amend his complaint, attaching with it a copy of his proposed amended complaint.[1]  (Doc. 82).   Defendants did not file a response.

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave

---

[1] The court deems plaintiff's motion timely, in light of the fact that plaintiff attests that he had submitted a motion for leave to amend at the end of March 2006, along with a copy of his proposed amended complaint, which were never received by the court.

1

1 shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, a responsive
2 pleading has been served. Therefore, plaintiff may not file an amended complaint without leave of
3 court.

4     "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
5 requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006)
6 (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the
7 amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
8 delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient
9 to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d
10 708, 712,13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

11     In this instance, plaintiff states that in June 2005 he submitted a reply to defendants' answer
12 to his complaint. Plaintiff states that the reply was never received by the court and thus never filed.
13 Plaintiff states that he therefore needs to amend his complaint.

14     Neither the Federal Rules of Civil Procedure nor the Local Rules provides for a reply to an
15 answer, absent an order from the court requiring one. Fed. R. Civ. P. 7(a). In this case, the court
16 never ordered plaintiff to reply. Under these circumstances, even if the court had received plaintiff's
17 reply, it would have been stricken from the record. Accordingly, plaintiff's motion to amend the
18 complaint, filed June 6, 2006, is HEREBY DENIED.

19    IT IS SO ORDERED.

20    **Dated:   October 28, 2008**           **/s/ Dennis L. Beck**
                                                                UNITED STATES MAGISTRATE JUDGE